1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ROBERT W. VONHECK,                              CASE NO. 12-CV-216-MMA(DHB)

12                              Plaintiff,          **ORDER DENYING EMERGENCY**
                                                    **MOTION FOR TEMPORARY**
13          vs.                                     **RESTRAINING ORDER**

14   MORTGAGE ELECTRONIC                            [Doc. No. 13]
     REGISTRATION INC. *et al.*,
15
16                              Defendant.

17          On May 2, 2012, Plaintiff Robert Vonheck filed an emergency motion for a temporary

18   restraining order, seeking to enjoin the sale of real property currently scheduled to take place on

19   May 4, 2012.  The Court finds the motion suitable for decision without oral argument.  S.D. Cal.

20   Civ. L. R. 7.1.  Having fully considered Plaintiff's emergency motion, the Court **DENIES**

21   Plaintiff's request for injunctive relief.

22                              **I. BACKGROUND**

23          On June 17, 2011, Plaintiff initiated a state court action, alleging claims arising from the

24   alleged wrongful foreclosure of his home.  Plaintiff sought a preliminary injunction pursuant to

25   California Code of Civil Procedure section 526 to enjoin the trustee sale of his home.

26          Also on June 17, 2011, the state court denied Plaintiff's motion for a preliminary injunction

27   on the basis that Plaintiff had "failed to establish a reasonable probability of success on the merits

28

of his claims . . . ."[1]  [Tentative Rulings, Ex. F to Defendants' Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), Doc. No. 10-3 at 36.][2]  On September 9, 2011, the state court denied Plaintiff's motion for reconsideration of its June 17, 2011, order.

On December 30, 2011, Plaintiff filed a second amended complaint after the state court sustained Defendants' demurrer to Plaintiff's first amended complaint.  [*See* Second Amended Complaint, Ex. H to RJN), Doc. No. 10-4; *see also* Minute Order, Exh. I to RJN, Doc. No. 10-5 at 3-4.]

On January 27, 2012, the state court sustained Defendants' unopposed demurrer to the second amended complaint.  In a thorough order, the state court found that Plaintiff  "once again ha[d] failed to amend his complaint sufficiently to state a viable claim against these demurring defendants."  [Minute Order, Ex. I to RJN, Doc. No. 10-5 at 6.]

On January 27, 2012–the same day the state court sustained Defendants' demurrer–Plaintiff, proceeding *pro se*, initiated the instant action.  [Doc. No. 1.]  Plaintiff's complaint included a request for immediate injunctive relief, which the Court denied as moot based on Plaintiff's allegation that Defendants had wrongfully foreclosed on his property on September 19, 2011.  [Doc. No. 3.]

On February 3, 2012, Plaintiff filed a First Amended Complaint ("FAC").  [Doc. No. 4.] The FAC asserts the same eleven claims as, and appears nearly identical to, the second amended complaint in the state action.  In the FAC, Plaintiff alleges that Defendants have not yet foreclosed on his property.

On April 12, 2012, Defendants filed a motion to dismiss the FAC partly on the basis that the instant action is barred by the related doctrines of collateral estoppel and *res judicata*.  [Doc.

---

[1]  Under Federal Rule of Evidence 201(b), judicial notice may be taken of facts that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Applying Rule 201(b), federal courts routinely take judicial notice of papers filed in state court and of state court orders.  *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). Accordingly, the Court takes judicial notice of the documents filed in Plaintiff's previous state court action.

[2]  All citations to documents filed on the Court's docket refer to the documents' renumbered CM/ECF pages, not to the documents' native pagination.

No. 10.]

On May 2, 2012, after 5:38 p.m., Plaintiff filed simultaneous motions for substitution of attorney and for emergency temporary restraining order ("TRO").  The Court granted Plaintiff's motion for attorney substitution.[3]

## II. DISCUSSION

The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment.  *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a TRO is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").  As such, an applicant for a TRO is required to demonstrate "immediate and irreparable injury, loss or damage."  Fed. R. Civ. P. 65(b); *see also Caribbean Marine Serv. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

The standard for obtaining a temporary restraining order is generally the same as the standard for obtaining a preliminary injunction.  The party moving for a preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Having reviewed the emergency motion, the first amended complaint in this action, the nearly identical second amended complaint in the state court action, and the state court's rulings and orders, the Court finds Plaintiff has not established he is entitled to relief.  Considering the facts alleged in the FAC, it appears unlikely Plaintiffs will succeed on the merits at trial.  Further, while losing one's primary residence constitutes irreparable harm, *Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495, *26 (S.D. Cal. 2009), such irreparable harm cannot completely displace a showing of a likelihood of success on the merits.  Morever, the issuance of

---

[3] The Court notes that Plaintiff's new counsel in this matter, Mr. Francisco Aldana, also represented Plaintiff in the state action.  [*See* Ex. H. to RJN, Doc. No. 10-4 at 1.]

an unmeritorious TRO does not serve the public interest.  Finally, the Court finds that the balance of equities do not tip in Plaintiff's favor.

### III. CONCLUSION

Plaintiff's emergency motion for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED.**

DATED:  May 3, 2012

Hon. Michael M. Anello
United States District Judge